United States District Court
Southern District of Texas
**ENTERED**
June 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Bobby Ray Williams, | § | |
| | § | |
| Plaintiff, | § | |
| versus | § | Civil Action H-18-0063 |
| | § | |
| Ramota Salau, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Final Dismissal

Bobby Ray Williams says that Ramota Salau was deliberately indifferent to his serious medical needs when Salau did not take Williams to a mental health professional. Williams says that he was outside of the infirmary when he told Salau that voices told him to kill somebody outside the infirmary. Williams says that Salau laughed at him and said that Williams always faked being sick. Williams says that a mental health professional heard him tell Salau and immediately brought Williams into the infirmary.

Salau moves to dismiss the complaint because Williams does not state a claim for relief. Williams must offer facts showing that Salau was aware of facts that could infer a substantial risk of serious harm to his health and that Salau actually inferred the substantial risk. Salau's knowledge of a substantial risk of serious harm can be inferred if the risk was obvious. Any delay in treatment must also have resulted in substantial harm to Williams.

Williams does not show that Salau was deliberately indifferent to his serious medical needs. Williams says that he was outside of the infirmary when voices told him to hurt somebody there. Williams does not say that he hurt somebody or himself. Williams admits that Salau did not believe

Cabrera and told him that he always faked being sick. This does not show Salau had a subjective awareness of a substantial risk of serious harm. Any harm was also not obvious because Salau was present when Williams made these comments and Williams did not hurt anybody or himself. Any delay in physically taking Williams into the infirmary also did not result in substantial harm because Williams says that he was immediately brought into the infirmary when a mental health professional heard him talk to Salau.

Salau's motion to dismiss is granted. (11) The case will be dismissed with prejudice.

Signed at Houston, Texas, on _____June 1_____, 2020.

                                            Lynn N. Hughes
                                  United States District Judge